### ACTION FOR RATIONAL TRANSIT et al., Plaintiffs,

v.

### WEST SIDE HIGHWAY PROJECT et al., Defendants.

### No. 74 Civ. 5572.

United States District Court, S. D. New York.

July 17, 1981.

William Hoppen, New York City, for plaintiffs.

Beveridge & Diamond by Gary H. Baise, Jonathan Z. Cannon, Charles A. Patrizia, Washington, D. C., for defendants West Side Highway Project; Lowell K. Bridwell, Executive Director of WSHP; Hugh L. Carey, Governor of New York State; and William C. Hennessy, New York State Commissioner of Transportation.

John S. Martin, Jr., U. S. Atty. by R. Nicholas Gimbel, Gaines Gwathmey, III, Asst. U. S. Attys., New York City, for defendant Andrew L. Lewis, Jr., U. S. Secretary of Transportation.

### OPINION

GRIESA, District Judge.

This is an action challenging the proposed Westside Highway Project, known as "Westway." The action is brought under the Clean Air Act, 42 U.S.C. § 7401 et seq.,

---

the National Environmental Policy Act, ("NEPA"), 42 U.S.C. § 4321 et seq., and other provisions of federal and New York state law.

The action was commenced in 1974. Shortly thereafter there were hearings about the adequacy of the draft Environmental Impact statement, prepared pursuant to the requirements of NEPA. These hearings resulted in an agreement by the proponents of the project to make further studies in connection with certain of the topics dealt with in the draft statement.

For a number of years the action was dormant while the Westway project was debated by the political authorities and while various state and federal agencies were dealing with aspects of the project.

It now appears that this process is substantially completed, and that the final decisions by the City of New York, the State of New York and the Federal Government on whether to actually proceed with the project are imminent. The court is advised that the Mayor of New York City is expected to announce his decision in this regard by July 31. At about that date, the New York State Commissioner of Transportation is scheduled to notify the Federal Highway Administration ("FHWA") as to whether all is in order for proceeding with the project. Shortly thereafter the United States Department of Transportation (of which the FHWA is a part) will decide whether final approval is to be given Westway, which will be largely financed with federal interstate highway funds if it goes forward.

The significance of the July 31 date is that thereafter—from August 1 to the end of the federal fiscal year, September 30— certain federal interstate highway funds become available.

The first step scheduled to be taken in the event of approval is the condemnation and acquisition by the State of certain city property, running from Battery Park City to 35th Street, and running from West Street into the Hudson River to the line along the outer end of the piers. If this acquisition is carried out, the Federal Government is slated to pay to the State the sum of approximately $100 million, which the State will in turn pay to the City.

The purpose of acquiring this property in the Hudson River is to provide an area for landfill where the new highway will be built. According to the schedule presently proposed no landfill or construction work on Westway will take place until January 1982.

Notice of the proposed acquisition of the Hudson River property was issued by the State on March 6, 1981, at which time the appropriate maps were filed. If the final approvals for Westway are given, it is proposed that the acquisition of the property will be carried out immediately.

Plaintiffs have moved for a preliminary injunction to prevent the acquisition of the Hudson River property and the disbursement of funds for this acquisition.

In connection with this motion, it is appropriate to note certain other aspects of the litigation. The court is currently entertaining a second action challenging Westway. *Sierra Club, et al. v. United States Army Corps of Engineers, et al.* (81 Civ. 3000). No motion for preliminary injunction is being made in the *Sierra Club* case. It is only in the *Action for Rational Transit* ("*ART*") case that such a motion has been made. Various motions to dismiss, going to the substantive issues, have been made, and will be made in the two related cases.

Final disposition of the two actions, either by way of the motions or trial, can be made this fall, well in advance of the commencement of any actual construction or landfill work now scheduled for Westway. However, such disposition cannot take place in advance of the proposed acquisition of the Hudson River property.

■ This raises the question as to whether the *ART* plaintiffs are entitled now to an injunction against the Hudson River property acquisition in order to preserve the status quo pending final disposition of the case on the merits at a later point. In order to succeed on a motion for a preliminary injunction, a plaintiff must normally

make a showing of "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Jack Kahn Music Co. v. Baldwin Piano & Organ Co.*, 604 F.2d 755, 758 (2d Cir. 1979). The Second Circuit Court of Appeals has further made it clear that where a preliminary injunction may substantially affect the public interest, more than a "fair ground for litigation" must be shown. *Union Carbide Agricultural Products Co. v. Costle*, 632 F.2d 1014 (2d Cir. 1980), *cert. denied, sub nom. Union Carbide Agricultural Products Co. v. Barber*, —— U.S. ——, 101 S.Ct. 1698, 68 L.Ed.2d 196, *reh. denied*, —— U.S. ——, 101 S.Ct. 2059, 68 L.Ed.2d 358 (1981).

Both sides argue pro and con as to the *ART* plaintiffs' likelihood of success on the merits. However, defendants urge that the court need not reach this question, because it is so clear that the *ART* plaintiffs have failed to show either irreparable harm or a balance of hardships tipping in their favor. Defendants argue that a preliminary injunction against the Hudson River property acquisition and the payment of the $100 million to the City would involve a most grievous interference with the initiation of the project and would cause grave prejudice to the City in preventing it from receiving the proposed payment of approximately $100 million. In contrast to what defendants contend to be serious harm which would accrue from the *granting* of the injunction, defendants assert that little or no harm or prejudice would be suffered by the *ART* plaintiffs from a *denial* of the injunction. Defendants argue that the land acquisition and the payment of funds do not constitute irrevocable steps toward the construction of Westway, and would not prevent the granting of full relief to the *ART* plaintiffs if they should prevail on the merits of the action at a later point, prior to the commencement of actual construction.

In view of the fact that the ultimate merits of both the *ART* and *Sierra Club* cases are being dealt with in extensive mo-tions, and will be decided in the reasonably near future on the basis of these motions or on the basis of a full trial, the court expresses no view at the present juncture on the merits of the cases or on the likelihood of plaintiffs' success on any substantive issue.

■ However, the court concludes that the acquisition of the Hudson River property and the payment of funds should not be interfered with, and that it is not necessary to grant a preliminary injunction in order to protect the *ART* plaintiffs' rights in connection with the disposition of the case on its merits. In other words, the *ART* plaintiffs have not shown either irreparable harm resulting from the land acquisition or a balance of hardships tipping decidedly in their favor.

The acquisition of the Hudson River property and the payment of funds to the City cannot be said to constitute a transaction which, in and of itself, would result in harm of any definite kind to the *ART* plaintiffs. If plaintiffs should succeed on the merits and should obtain an injunction against the construction of Westway, there are orderly and satisfactory procedures by which the land acquisition matter can be resolved. Federal law provides that, where federal highway funds have been used to acquire land for a proposed interstate highway and the highway is not built, the federal government and the state can consider the use of the land for any one of several types of projects which would allow the federal funds to be retained by the state. If such use is not made, the state refunds the money. 23 C.F.R. Part 480 (1980). Under New York State law, if the State has condemned property and then abandons the project for which the condemnation was made, the State must give the former owner a right of first refusal to repurchase the property at market value. Eminent Domain Procedure Law § 406.

When these federal and state legal provisions are considered, along with the equitable powers of the federal court, it appears clear that there is ample scope for the court

to fashion a satisfactory remedy, which would include the status of the Hudson River property, in the event that the *ART* plaintiffs should prevail in their action. There is no necessity for this court to grant the *ART* plaintiffs the drastic relief of preventing the carrying out of the proposed Hudson River land acquisition.

For the foregoing reasons, the motion of the *ART* plaintiffs for a preliminary injunction preventing the proposed condemnation of the Hudson River property is denied.

So ordered.